# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERT E. STOCKMAN,<br><br>                Defendant. | Case No. 12-CR-18-JPS<br><br>**ORDER** |

On August 10, 2012, the late District Judge Rudolph T. Randa sentenced Defendant to 96 months' imprisonment, to be followed by 5 years' supervised release. (Docket #31). Judge Randa imposed both the standard conditions of supervision as well as additional conditions tailored to Defendant's crime, namely receipt of child pornography. *Id.* Defendant did not appeal or otherwise seek any form of post-conviction relief.

On April 16, 2018, Defendant filed a *pro se* motion to modify his conditions of supervision pursuant to 18 U.S.C. 3583(e). (Docket #43). Defendant contends that the conditions of supervised release are vague, were not properly explained to him both in the plea process and in the Court's sentencing hearing, and that he was not given a legitimate opportunity to contest the conditions. *Id.* at 3. He further asserts that these errors violated his right to procedural due process. *Id.* at 4–10. He asks that the Court strike all of the conditions. *Id.* at 11.

Defendant's motion will be denied. The alleged unlawfulness of any of the conditions, whether via due process, vagueness, or otherwise, is a challenge to the Court's judgment which must be made on direct appeal or through a habeas corpus proceeding. *United States v. Neal*, 810 F.3d 512, 516

(7th Cir. 2016). Defendant declined to appeal and has not filed a motion for relief from his judgment pursuant to 28 U.S.C. § 2255. He cannot now assert any alleged impropriety in the sentencing process. *Neal*, 810 F.3d at 514 ("Section 3583(e)(2) does not authorize . . . late challenges based on asserted procedural errors from the time of the original sentencing, such as a claim that the court failed to provide a sufficient explanation for the condition or that there was not sufficient evidence to support the then-unchallenged condition."). To the extent Defendant wants the Court to reconsider the prudence of certain of the conditions, he does not make the argument that any particular condition is ill-suited to his circumstances. Further, that consideration must wait until much closer to the time at which Defendant will be released on supervision.

Accordingly,

**IT IS ORDERED** that Defendant's motion to modify or strike his conditions of supervised release (Docket #43) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge